IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



NOV - 4 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| WESTERN MUNICIPAL CONSTRUCTION, INC., a Montana corporation, | CV 16-30-BLG-SPW |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| ZIRKELBACH CONSTRUCTION, INC., a Florida corporation, SUNCAP BILLINGS, LLC, a Montana limited liability company, JELA, LLC, a Montana limited liability company, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | |
| Defendants. | |

Before the Court is Defendant Fidelity and Deposit Company of Maryland's (Fidelity) Motion to Dismiss (Doc. 15). Fidelity argues Western Municipal Construction's (Western) complaint fails to state any claim against Fidelity upon which relief can be granted. For the reasons stated below, the Court DENIES Fidelity's Motion to Dismiss.

I. **Facts as alleged in the complaint.**

Defendant Zirkelbach Construction, Inc., (Zirkelbach) was hired as a general contractor for the construction of a multi-million dollar FedEx Ground Terminal

1

Hub (FedEx Project) on Hesper Road in Billings. (Doc. 8, ¶¶ 3, 9). Western, as a subcontractor, agreed to provide utility installation, among other things, at the FedEx project. (Doc. 8, ¶ 12). Zirkelbach obtained a payment bond from Fidelity to ensure Zirkelbach's subcontractors were paid in the event Zirkelbach did not pay them. (Doc. 8, ¶ 10). The payment bond contained a clause which purported to impose a one-year statute of limitations on actions brought under the bond. (Doc. 8, ¶ 10).

Western performed work on the FedEx Project through August 20, 2014. (Doc. 8, ¶ 10). Western submitted invoices to Zirkelbach totaling $357,624.70. (Doc. 8, ¶¶ 15-19). When Western did not receive any payment or communication from Zirkelbach concerning the invoices, Western sent a letter to Fidelity stating it intended to file a claim on the payment bond. (Doc. 8, ¶ 22). Western timely filed a construction lien against the FedEx Project in October 2014. (Doc. 8, ¶ 24).

Fidelity responded to Western's claim, stating that $217,107.76 of the $357,644.70 was undisputed. (Doc. 8, ¶¶ 33-34). Fidelity offered to provide the undisputed amount if Western executed a "Partial Release and Assignment of Portion of Claim." (Doc. 8, ¶ 38). The "Partial Release" contained a clause that provided "[Western] agrees to release any and all liens filed against [the FedEx Project] within five (5) business days of the clearing of the above referenced funds." (Doc. 8, ¶ 38). When Western pointed out to Fidelity that the "Partial

Release" contained a full release of "any and all liens," Fidelity agreed to modify the "Partial Release" to release the construction lien only to the extent of the partial payment from Fidelity. (Doc. 8, ¶¶ 41-41). Fidelity made the partial payment to Western and Western amended its construction lien to reflect the partial payment. (Doc. 8, ¶ 42).

By February 2016, the disputed amount of $140,516.94 had not been resolved. (Doc. 8, ¶¶ 42-44). Western filed suit against Zirkelbach, Fidelity, and others, to recover the disputed amount. (Doc. 8). Western's complaint alleged Fidelity breached its surety obligations for failing to pay Western's claim, Fidelity intended to deceive Western into releasing the entire construction lien in exchange for only partial payment, Western violated the Montana Unfair Trade Practices Act in its attempt to deceive Western into releasing the entire construction lien in exchange for only partial payment, and that Fidelity was liable to Western for attorney fees. (Doc. 8, ¶¶ 70-92, 98-104).

## II. Law.

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

3

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Discussion.

Fidelity argues Western fails to state a claim for which relief can be granted because Western filed its claim after the expiration of the payment bond's one-year limitation on actions. Fidelity further argues Western fails to state a claim for which relief can be granted because the "Partial Release" released Fidelity from all the claims Western now asserts.[1]

### A. The payment bond's one-year limitation on actions is void under Mont. Code Ann. § 28-2-708.

The payment bond's one-year limitation applies only to claims made "under [the] Bond." (Doc. 8, ¶ 10). Western's claim for breach of surety obligations is made "under [the] Bond," because it is for amounts owed and covered by the payment bond. Western's claims for deceit and unfair trade practices are not made "under [the] Bond," because they are based on Fidelity's handling of the claim. Therefore, only Western's claim for breach of surety obligations is potentially covered by the payment bond's one-year limitation.

---

[1] Under the "incorporation by reference" doctrine, the "Partial Release" document may be considered, despite not being attached to the complaint, without turning the motion to dismiss into a motion for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

4

In Montana, actions based on any contract, obligation, or liability founded upon an instrument in writing must be brought within eight years. Mont. Code Ann. § 27-2-202. A condition in a contract that limits the time within which any party may enforce the party's rights is void. Mont. Code Ann. § 28-2-708.

The payment bond's one-year limitation is void under Mont. Code Ann. § 28-2-708 because it is a condition that limits the time Western may enforce its rights under the payment bond. Fidelity's motion to dismiss is denied.

### B. The "Partial Release" does not cover the claims in Western's complaint against Fidelity.

The "Partial Release" provided Western released Fidelity:

> From any and all actions, claims, causes of action, demands, or expenses of every kind and character of the claim of Two Hundred Seventeen Thousand One Hundred Seven & 76/100 Dollars ($217,107.76) in labor and materials furnished to [Zirkelbach] under the aforesaid contract with [Zirkelbach] or in anywise growing out of or connected with said contract and the bond(s) given for the faithful performance of the same and the payment of labor and material claims.
>
> \*\*\*
>
> [Western] further reserves its rights to claim interest, attorney's fees, and other costs, expenses, and damages to which [Western] may be entitled with respect to the amounts owed on its claim against [Zirkelbach], Obligee, and [Fidelity], and on its Construction Lien.

(Doc. 16-1). The interpretation and construction of a contract is a question of law. *Krajacich v. Great Falls Clinic, LLP*, 276 P.3d 922, 926 (Mont. 2012). "A contract must be so interpreted as to give effect to the mutual intention of the

5

parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." *Krajacich*, 276 P.3d at 926 (citing Mont. Code Ann. § 28-3-303).

The "Partial Release" does not cover the claims in Western's complaint against Fidelity. The "Partial Release" released Fidelity from "the claim of Two Hundred Seventeen Thousand One Hundred Seven & 76/100 Dollars" in labor furnished under the contract or connected with the contract and bond. Western's complaint makes no claim against Fidelity for $217,107.76 in labor furnished under the contract or connected with the contract and bond. Western's deceit and bad faith claims arise from Fidelity's handling of Western's claim. Western's breach of surety obligations claim arises from Fidelity's failure to pay the remaining $140,516.94 of the amount owed. The "Partial Release" specifically reserved Western's right to claim attorney fees, costs, and damages incurred in its claim for the amount still owed. Therefore, the "Partial Release" does not cover the claims in Western's complaint against Fidelity. Fidelity's motion to dismiss is denied.

## IV. Conclusion.

For the reasons stated above, Fidelity's Motion to Dismiss (Doc. 15) is DENIED.

DATED this 4th day of November, 2016.

                                                             SUSAN P. WATTERS  
                                                             United States District Judge